# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **ELIZABETH MCDONALD,** | **CASE NO. 1:19-CV-00334** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **MEDINA CITY BOARD OF EDUCATION, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

Currently pending is Defendants' Motion to Dismiss for Failure to Comply with Rule 25(a) of the Federal Rules of Civil Procedure filed on March 13, 2020 ("Defendants' Motion").  (Doc. No. 23.)  On April 13, 2020, Plaintiff's counsel filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("the Opposition").  (Doc. No. 24.)  On April 27, 2020, Defendants filed their Reply Memorandum in Support of Defendants' Motion ("Defendants' Reply").  (Doc. No. 25.)  For the reasons set forth below, Defendants' Motion is GRANTED, and Plaintiff's Complaint is dismissed, without prejudice.

Elizabeth McDonald, now deceased, initiated the instant lawsuit on February 13, 2019.  (Doc. No. 1.)  On July 24, 2019, a Suggestion of Death of Plaintiff was filed that reads as follows:

> Pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, counsel for Plaintiff suggests upon the record the death of Plaintiff Elizabeth McDonald, which occurred on or about June 13, 2019.  Counsel anticipates that the fiduciary of Plaintiff's estate will file a motion for substitution of party as soon as the estate is able.

(Doc. No. 21 at 1.)  The Certificate of Service reflects that a true and correct copy of the Suggestion of Death was electronically filed using the Court's electronic filing system, and that the "**Parties** may access the document through the electronic filing system."  (Doc. No. 21 at 2 (emphasis added).)  It

does not appear, then, that service of the Suggestion of Death was made upon any potential fiduciary, including Elizabeth McDonald's surviving spouse, Tom McDonald, that Plaintiff's counsel later indicated intended to seek approval from the probate court to substitute as the plaintiff herein.

On August 22, 2019, the Court issued a non-document Order that reads in relevant part as follows:  "If the fiduciary has not filed a motion for substitution of party by 10/24/20[19], then Counsel for Plaintiff is ordered to file a status report by that date advising the court [of] the anticipated date by which such motion will be filed."  On October 24, 2019, Plaintiff's Status Report was filed. (Doc. No. 22.)  Therein, it was represented that "Plaintiff's surviving spouse, Tom McDonald, intends to seek the Court's approval for substitution as plaintiff in this matter, as fiduciary for Plaintiff's Estate"; and that "Mr. McDonald is not yet able to submit a motion for substitution for the Court's approval at this time, as the Medina County Probate Court has not yet appointed him fiduciary of the estate."  (*Id.*)  Plaintiff's counsel then requested that the Court provide Mr. McDonald an additional 60 days to obtain the necessary appointment as fiduciary and seek substitution in this case.  On November 8, 2020, the Court issued a non-document Order granting Mr. McDonald's request made through Plaintiff's counsel, meaning that Mr. McDonald would have until December 23, 2020, or sixty days from the date of his request, to file a motion for substitution.

A motion for substitution was not filed by Mr. McDonald by that date or, indeed, at any time prior to the filing of Defendants' Motion.  Citing and quoting from *Premoh v. City of Cincinnati*, No 1:15-CV-265, 2016 WL 2858900, at *5 (S.D. Ohio May 13, 2016), Defendants argue that the 90-day requirement for the filing of a motion for substitution post-service of a statement noting the death, or the suggestion of death is mandatory and that this Court does not have discretion to excuse Plaintiff's

failure to timely file the motion.  This Court disagrees and is not persuaded by the case law cited and relied upon by Defendants.

In the Opposition, Plaintiff's counsel "asks the Court to allow Plaintiff's estate to file a motion for substitution within 14 days after an executor for the estate is appointed." (Doc. No. 24 at 1.)  In the alternative, Plaintiff's counsel "asks that the Court dismiss the case without prejudice as to refiling, so that the estate may resolve the question of executor without causing the Court any burden on its resources." (*Id.*)  Plaintiff's counsel reiterates his assertion initially made in the Status Report that Tom McDonald has not yet been able to obtain a designation of executor from the probate court and thus has not yet been able to file a motion for substitution in this case.  And, as was the case with the Status Report filed, the Opposition does not set forth any facts established by a declaration and/or documentary evidence demonstrating what steps, if any, have been taken by Tom McDonald to secure probate court appointment as the executor, and when his appointment might be expected to be secured.

In the Opposition, Plaintiff's counsel correctly cites *Tatterson v. Koppers Co. Inc.*, 104 F.R.D. 19 (W.D. Pa. 1984) for the proposition that "[i]t is proper to allow an extension of time under Rule 6(b), for motion for substitution of party for deceased party beyond 90-day limit of Rule 25(a) where failure to file within 90-day limit was caused by delays in appointment of executor for deceased plaintiff's estate, and no prejudice to defendant will result." (Doc. No. 24 at 1.)  In *Tatterson*, the court explained:

> [T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.  The factors to be considered by the Court before allowing a substitution of parties after the expiration of the time period include any prejudice to the other party, good faith, and excusable neglect.

3

In the instant case, Plaintiff's counsel states that he could not move for substitution within the time period because of delays in the appointment of David Tatterson as executor of Plaintiff's estate. Although it would have been preferable if Plaintiff's counsel had moved for an enlargement of time during the 90 day period, this Court finds no bad faith in his failure to do so.

104 F.R.D. at 20 (internal citations omitted); *see also Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (where the appellate court upheld a district court's extension of the Rule 25(a) 90-day limit when "the failure to file in time was the result of excusable neglect"); *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998).

While agreeing with Plaintiff's counsel that there is authority for extending the 90-day deadline, and in this Court's assessment the weight of authority appears to support granting extensions under certain circumstances such as those involved herein when timely requested, and indeed, this Court has done so once based upon the request for same set forth in the Status Report he filed, the fact remains that no request for an additional extension of time was made within the first 60-day extension given by the Court. And, Plaintiff's counsel does not include in the Opposition, any reason or basis for failing to request additional time that would constitute excusable neglect and therefore, a basis for extending the time in the context of this pending case. *See Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008).

Plaintiff's counsel also argues that because the Suggestion of Death that he filed on July 24, 2019 does not name the proper successor, as none has yet been determined, the filing of it does not start the clock on the 90-day filing requirement under Fed. R. Civ. P. 25(a), citing *Dietrich v. Burrows*, 164 F.R.D. 220 (N.D. Ohio 1995). In Defendants' Reply, Defendants attempt to distinguish that case from the instant matter by pointing out that in *Dietrich v. Burrows*, it was the defendants who filed

4

the notice of death, whereas herein, "Plaintiff's counsel filed the Suggestion of Death and [he] should not be able to avoid dismissal by arguing the Suggestion of Death he prepared and filed is not effective."  (Doc. No. 25 at 2.)  Additionally, Defendants correctly cite case law for the proposition that nothing in Rule 25(a)(1) requires that a suggestion of death must identify a successor or representative.  However, the case of *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) is cited by the Defendants for the proposition that Rule 25(a)(1) "does not require that the statement identify the successor or legal representative; **it merely requires that the statement of death be served on the <u>involved</u> parties.**"  (Doc. No. 25 at 2-3 (emphasis added).)  But, according to the Seventh Circuit Court of Appeals, "the cases are unequivocal that an obviously interested nonparty [the decedent's spouse or non-party with the biggest stake in the continuation of the case] must be served for the 90-day clock to start running."  *Atkins*, 547 F.3d at 873.  Recognizing that since Plaintiff's counsel set forth his understanding that Tom McDonald intended to be appointed the executor of his wife's estate, Tom McDonald may very well be aware of the filing of the Suggestion of Death, the fact remains that there is no indication that Tom McDonald was actually served with the Suggestion of Death.

In the final analysis, the Court believes that the best course of action, and one proposed by Plaintiff's counsel so as not to burden the Court or its resources, is to dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), allowing for timely refiling if and when Tom McDonald or someone else is actually appointed the executor of Elizabeth McDonald's estate.

**IT IS SO ORDERED.**

                                    *s/Pamela A. Barker*

                                    PAMELA A. BARKER

Date: April 30, 2020              U. S. DISTRICT JUDGE

6